Petition under 28 USC - 2254 for writ of Habeas Corpus By a person In state Custody

United States District Court : Middle District
Luis Napoleon Mendieta Paz — Case No# 2012-C-2474
West TN state prison — prison No# 526750

Luis Napoleon Paz   V.   <u>Johnathan Lebo</u>
                            Warden at WTSP

<u>Petition and Attached statement of facts</u>

Petitioner, Luis Napoleon Mendieta Paz, is presently Incarcerated at the West TN state prison. Petitioner's Tennessee Department of Corrections number is 526750. This motion Arose from case # 2012-C-2474, filed in the Criminal Court for Davidson County, Tennessee on September 4, 2012.

On August 30, 2013, Petitioner entered a guilty plea on count one to the lesser Included offense of Second degree Murder, Receiving an out-of-Range Sentence of 30 years.

Petitioner timely filed his pro se petition for Relief from Conviction/Sentence on June 11, 2014. Were Petitioner alleges that his guilty plea were not entered into Knowingly and Voluntarily because he did not Understand the Consequences of pleading guilty to second degree Murder.

Petitioner Alleged that Trail Counsel failed to adequately explain the out of Range Sentence and why he was pleading to a higher Sentence than a Range one offender

On December 15, 2015 Judge Cheryl Blackburn Entered and filed the order as Denied. based that Petitioner has failed to establish his claim by clear and convincing evidence. (see Appendix 1 (order))

The petitioner, Luis Napoleon Paz, Appeal the denial of his petition for post-conviction Relief, to the Court of Criminal appeals of Tennessee At Nashville.

The Clerk of the Courts filed on Jan 27, 2017 the Conclusion set by Judge J. Ross Dyer were the Judgment of the post-conviction Court is Affirmed. (see Luis Paz V. State of TN-No. M2016-00069-CCA-R3-PC)

On February 28, 2017 a cover letter and application for permission to appeal in the Tennessee Supreme Court pursuant to Rule 11 of the Tennesse Rules of Appellate procedure was filed to Appellate Court Clerk's Office - Nashville.

For this petition I state every Ground on which the Petitioner claim that he is Being held in violation of the Constitution, Law or treatise of the United States.

## Ground one

Petitioner was Denied effective Assistance of Counsel in Violation of his Rights Under the United States Constitution and the Tennessee Constitution, and thereofore The plea was not made Voluntarily, Understandingly and Knowingly. and must be void.

## Supporting Fact

Petitioner Accepted the guilty plea based on Counsel Advice that was petitioner would Receive less time if at trail. Trail Counsel Conceded petitioner may not have Understood the phrase Out of Range. Trail Counsel also Conceded Petitioner Understood the exposure of a First Degree Murder Conviction that is a Life Sentence.

Petitioner Argues that Counsel Failed to object to or appeal the Incorrect Range of punishment. Petitioner Failed to be Aware of the appropriate Range of punishment.

Petitione clear and Convicing evidence that his plead Guilty to such case, is that Counsel Failed to move for a Continuance of and to prepare for Sentencing making Counsel Ineffective when Counsel fail to Conduct Appropiate Investigation Both factual and legal to Determine what matter of defense can be developed.

(3)

Counsel Failed to move for a Continuance, Counsel failed to hired Investigators in the Case, which would have work with counsel to Interpret as well as Interviewing a Numbered of Spanish Speaking witness.

Counsel Ineffective when she also failed to Investigate and present character witnesses. If trail Counsel would have prepared witness for the Sentencing phase to offered General, Vague testimony about petitioner character. Trail Counsel Failed to Investigate and prepare witness to testify on Petitioner good character and none-violent Nature. Petitioner bears the Burden of providing both that Counsel performance was Deficient and the deficiency, prejudiced the Defense. As A Result, Petitioner was forced to Accept an Unfovarable plea Agreement, Rather than proceeding to trail unprepared. Clearly, Trail counsel has a duty to Investigate And prepare for the penalty phase of a Murder Case, since evidence about defendent background and character is Relevant

Counsel has Rendered Ineffective Assistance at the Sentencing proceeding in Several Respects, Including to Request a psychiateic Report.

Counsel decision not to present evidence Concerning Respondents character and emotional

Reflecting his Judgment that is was Advisable to Rely on the plea Colloquy for evidence as to Such matters, thus preventing the state from Cross-examining Respondent and from presenting psychiatric evidence of it's own.

Petitioner was Represented by Ms. Keisten Neff from the office of the public Defender at preliminary hearing, Arraignment and plea and Sentecing. Petitioner was Represented by Ms. Marie Stacey on appeal of post-conviction proceedings.

I declare under penalty of pre Sury that the foregoing is true and correct and that this Petition for writ of Habeas Corpus was placed in the prison mailing system on <u>October 6, 2017</u>.

Pro Se, Luis Paz #526750

## Certificate of Service

I certify that a copy of the foregoing Document is being mail to the following Parties via Regular U.S mail, Postage Paid on this 6' day of October, 2017

(1) Middle District Court Clerk
United States Court House
801 Broadway
Nashville, TN 37203

IN THE CRIMINAL COURT OF DAVIDSON COUNTY, TENNESSEE
DIVISION III

| | |
|---|---|
| LUIS NAPOLEON PAZ,<br>    Petitioner,<br><br>v.<br><br>STATE OF TENNESSEE,<br>    Respondent. | Case No. 2012-C-2474<br>(Post-Conviction) |

## ORDER

### I. Introduction

This matter comes before the Court on Petitioner's request for post-conviction relief. After reviewing, the petition, the testimony, the exhibits,[1] the facts of this case, and the law, the Court finds that petitioner's request for post-conviction relief shall be DENIED for the reasons set forth herein.

### II. Factual Background & Procedural History

A Davidson County Grand Jury returned an indictment against Petitioner on September 4, 2012, charging him with First Degree Murder (Count 1) and Employment of a Firearm During a Dangerous Felony (Count 2). The Court appointed the Public Defender's Office to represent Petitioner, and Kristin Neff served as his counsel of record. On August 30, 2013, Petitioner entered his guilty plea. Pursuant to the guilty plea agreement, negotiated by Trial Counsel with the State, Petitioner pled guilty to the

---

[1] The following exhibits were admitted at the evidentiary hearing

    Exhibit 1:    Transcript of Aug. 30, 2013 Guilty Plea Hearing
    Exhibit 2:    Copy of Petition to Enter Plea of Guilty (Aug. 30, 2013).

beneficial for him because he would receive less time. Petitioner stated that counsel did not advise him, however, of the potential sentence he faced in number of years should he be convicted at trial. When questioned whether he has thought about what kind of sentence he would receive if convicted at trial, Petitioner responded, "No."

Petitioner testified he now understands that he accepted a higher sentence than his range, but at the time of his plea he did not understand what it meant to "plead out of range." He stated that he did not understand the consequences of his plea "other than I was serving 30 years." Petitioner acknowledged that Trial Counsel provided the "witness paperwork" showing what "facts they knew" and how they would testify at trial.

On cross-examination, Petitioner agreed that he was represented by Ms. Neff in General Sessions as well as in Criminal Court. In General Sessions he had two appearances, including a preliminary hearing where the man who identified Petitioner as the shooter, Ladarion Smith, testified. Petitioner could not quantify the number of times Trial Counsel met with him about his case, but he agreed that he met with she met with him multiple times during court appearances in Criminal Court[2] as well as outside of court.

Petitioner testified that he wanted to go to trial and his case was set for trial in September 2013, but Trial Counsel advised him taking a guilty plea was better for him because of the witnesses. Petitioner testified since his trial was only a few weeks away when they had this discussion, he told Trial Counsel to "get me something", and she came back with the 30-year offer. Petitioner conceded that Trial Counsel discussed with him possible defenses should the case go to trial.

---

[2] The State referenced nine appearances in Criminal Court. Petitioner was not sure if there were nine appearances, but he agreed that he appeared in Criminal Court multiple times.

3

On cross-examination, Trial Counsel agreed she could not recall the specifics of going over the plea with Petitioner. She conceded Petitioner may not have understood the phrase "out of range", but maintained Petitioner understood the difference between accepting 30 years as part of the plea versus going to trial and facing the exposure of a first degree murder conviction with a life sentence. That is, Petitioner was aware of and understood his options to either go to trial with the known evidence against him or accept the State's offer.

## IV. Legal Analysis

Here, Petitioner alleges that he received in effective assistance of counsel, and as a result, his plea was not entered knowingly and voluntarily nor did he understand the nature and consequences of entering his plea. The burden is on the Petitioner to establish the grounds alleged by clear and convincing evidence. TENN. CODE ANN. § 40-30-210(f).

### A. Ineffective Assistance of Counsel Standard

When raising the issue of ineffective assistance of counsel, the Petitioner must show that the services rendered or advice given was below the range of competence demanded of attorneys in criminal cases. Baxter v. Ross, 523 S.W.2d 930, 936 (Tenn. 1975). The test for ineffective assistance of counsel is a two-prong test: petitioner bears the burden of showing that (a) the services rendered by his trial counsel were deficient, and (b) the deficient performance was prejudicial. Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996).

## B. Petitioner's Claims

In the Amended Petition Petitioner alleges that Trial Counsel rendered deficient service as follows:

> In this case, Petitioner was not properly informed of the nature and consequences of his guilty pleas under the plea bargain worked out by his counsel and the state. Specifically, trial counsel did not effectively explain the consequences of pleading to second degree murder and agreeing to an out-of-range sentence. Therefore, Petitioner did not enter his guilty plea with a "full understanding of its consequences" as mandated by the Tennessee Supreme Court in Neal, 810 S.W.2d at 134-35.
>
> For this reason, Petitioner did not receive effective assistance of counsel and this pleas of guilty were not entered voluntarily, understandingly and knowingly, and had he received effective assistance of counsel, he would not have pled guilty and would have insisted on proceeding to trial.

(Amended Petition, at 4). At the evidentiary hearing, Petitioner conceded that Trial Counsel discussed with him the benefits of trial versus entering a plea, advising him that a plea of 30 years was less time than the exposure faced for a first degree murder conviction. Petitioner agreed that he elected to accept the plea. Petitioner's primary complaint is that he did not understand the phrase "out of range" and had he done so, he would have proceeded to trial. Petitioner's evidentiary hearing testimony, however, indicates otherwise. Petitioner testified that he met with Trial Counsel multiple times[3], both in and out of court. He had heard the evidence against him during his preliminary hearing and Trial Counsel had provided him his discovery, which he referred to as his "witness paperwork." While the term "out of range" may not be part of Petitioner's vernacular, he indicated he understood the concept and that he chose to accept the 30-

---

[3] Further, nothing in the record indicates that Trial Counsel failed to meet with the Petitioner and keep him informed of the proceedings. See, e.g., Murphy v. State, No. M2000-00014-CCA-R3-PC, 2000 WL 1793086, at *5 (Tenn. Crim. App., Nashville, Dec. 7, 2000), appeal denied Apr. 9, 2001.

7

                        and be convicted of murder in the first degree. Is that a correct statement?

**MR. PAZ:**         Correct.

(Tr. Aug. 30, 2015 Guilty Plea, Ex. 1, at 3-4).

**THE COURT:**      All right. Now, let's go over again what you were charged with. You were charged with murder in the first degree. And I assume this is an intentional premeditated killing. That's what that means, murder in the first degree, that you intend to kill somebody and thought about it. The range of punishment would have been for you life imprisonment with the possibility of parole because the State has not given notice of any enhanced punishment in your case.

                        Now, you're not pleading guilty to that. You're pleading guilty to a knowing killing of another, which that range—the full range of punishment is fifteen to sixty years. But as a Range 1 offender, it's fifteen to twenty-five years. But you're waiving the twenty-five year limit and accepting a thirty-year sentence in order to get this plea to murder in the second degree. Do you understand that?

**MR. PAZ:**         Yeah.

Id. at 5-6. Further, Petitioner affirmed he understood the proceedings, had discussed his case thoroughly with Trial Counsel, and was satisfied with the representation of counsel. Id. at 7, 8-9.

A petitioner's plea of guilty constitutes an admission in open court that the petitioner committed the acts charged in the indictment. Alfonso Camacho v. State, No. M2008-00410-CCA-R3-PC, 2009 WL 2567715, at *7 (Tenn. Crim. App., at Nashville, Aug. 18, 2009)(citing Brady v. United States, 397 U.S. 742, 748 (1970), perm. to appeal denied (Feb. 22, 2010)). The plea, however, is more than an admission; it is the petitioner's consent that judgment of conviction may be entered without a trial. Id. "A

## IV. Conclusion

For the reasons set forth above, this Court finds Petitioner has failed to establish his claims by clear and convincing evidence. Any issues not explicitly addressed above are found to lack merit. Petitioner's request for post-conviction relief is hereby DENIED.

ENTERED this the 15 day of December, 2015.

Cheryl Blackburn,
Judge

cc:

General Megan King
Office of the District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201-1649

Ms. Marie Stacey,
Post-Conviction Counsel
306 Gay Street, Suite 200
Nashville, TN 37201

Ms. Kristen Neff,
Trial Counsel
Office of the Public Defender
404 James Robertson Parkway, Suite 2022
Nashville, TN 37215

Mr. Luis Napoleon Paz
TOMIS # 526750
Morgan County Correctional Complex
541 Wayne Cotton Morgan Drive
P.O. Box 2000
Wartburg, Tennessee 37887

11

Case 3:17-cv-01357   Document 1   Filed 10/10/17   Page 12 of 14 PageID #: 12

October 6, 2017

Middle District Court Clerk
United States Court House
801 Broadway
Nashville, TN 37203

RE: Luis Paz v State of TN
Case # 2012-C-2474

Attached to this cover letter please find a petition under 28 USC-2254 for Writ of Habeas Corpus by a person in state custody. I have also attach a copy of the order as exebition 1.

Sincerly
Luis Paz #526750
Pro se
P.O Box 1150
Henning, TN 38041

Luis Vaz #526750
P.O. Box 1150
Henning, TN 38041

Legal Mail

Middle District
Court Clerk
United States Court House
801 Broadway
Nashville, TN 37203

RECEIVED
IN CLERK'S OFFICE
OCT 10 2017
U.S. DISTRICT COURT
MID. DIST. TENN.